# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. ADAMS, | 1:07-cv-00791-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS BE GRANTED; AND DEFENDANTS' REQUEST FOR EXTENSION OF TIME BE GRANTED |
| vs. | |
| JAMES TILTON, et al., | |
| Defendants. | (Doc. 27.) |
| | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.   RELEVANT PROCEDURAL HISTORY**

Ronald L. Adams ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 24, 2007 in the United States District Court for the Northern District of California, together with an application to proceed in forma pauperis. (Docs. 1, 2.) On May 30, 3007, the case was transferred to the Eastern District of California. (Doc. 6.) On June 5, 2007, the Court granted Plaintiff's application to proceed in forma pauperis. (Doc. 9.) This action now proceeds on the Fourth Amended Complaint filed by Plaintiff on November 16, 2009. (Doc. 23.)

On February 25, 2011, Defendants Alvidrez, Berry, DeShields, Kitchen, and Moore filed a motion to revoke Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g), to declare Plaintiff a three-strike litigant, and to grant Defendants an extension of time to respond to the Fourth


Amended Complaint.  (Doc. 27.)  On March 30, 2011, Defendant McEwen joined in the motion. (Doc. 30.)  On March 30, 2011, Plaintiff filed an opposition to the motion.  (Doc. 31.)  On April 4, 2011, Defendant Ellenbarcht joined in the motion.  (Doc. 33.)  On April 4, 2011, Defendants filed a reply to Plaintiff's opposition.  (Doc. 34.)  Defendants' motion is now before the Court.

## II. MOTION TO REVOKE IN FORMA PAUPERIS STATUS

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. "Plaintiffs normally must pay $350 to file a civil complaint in federal district court, 28 U.S.C. § 1914(a), but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting in forma pauperis status." Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007).  However, § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  The imminent danger "exception applies if the danger existed *at the time* the prisoner filed the complaint." Id. at 1053, citing United States v. Jackson, 480 F.3d 1014, 1018-19 (9th Cir. 2007) (emphasis added).

Defendants argue that the Court should revoke Plaintiff's in forma pauperis status under § 1915(g) because, at the time this case was filed, Plaintiff had three prior actions dismissed on the grounds that they were frivolous, malicious or failed to state a claim.  Defendants present evidence that in Plaintiff's case Adams v. Carcy, Case No. 2:07-cv-01878-JAM-KJM-P, the Court for the Eastern District of California found that Plaintiff had previously filed three actions that were dismissed for being frivolous, malicious, or for failure to state a claim: (1) Adams v. Marshall, Case No. 91-cv-04224 RFP (N.D. Cal., July 19, 1992, dismissed for failure to state a claim), (2) Adams v. Rowland, Case No. 91-cv-4090 RFP (N.D. Cal., Dec. 23, 1991, dismissed for failure to state a claim), and (3) Adams v. Community Credit Union, Case No. 04-cv-0211 DT (SGL) (C.D. Cal, Apr. 25, 2005, dismissed for failure to state a claim).  Defendants request the Court to take judicial notice of the decision in Adams v. Carcy. and of the dismissals in Plaintiff's three cases listed above. Defendants also argue that Plaintiff was not under imminent danger of serious physical injury at the

1 time he filed the Complaint commencing the present action.

2    In opposition, Plaintiff argues that the Court should not revoke his in forma pauperis status because there was an error in the ruling in the case Adams v. Carcy, and the case is still pending after being reassigned to a different Magistrate Judge. Plaintiff contends that as a result, the dismissal of the case Adams v. Carcy cannot be used as a strike against him.

   Defendants reply that Plaintiff's argument fails because the case Adams v. Carcy, which Plaintiff claims is still pending, is not one of the three cases which Defendants have argued constitute strikes against him. Defendants also note that Adams v. Carcy was dismissed on March 18, 2011 and therefore is not still pending. Defendants reassert that the three cases which constitute strikes are Adams v. Marshall, Case No. 91-cv-04224 RFP; Adams v. Rowland, Case No. 91-cv-4090 RFP; and Adams v. Community Credit Union, as decided by the court in Adams v. Carcy, Case No. 2:07-cv-01878-JAM-KJM-P, on March 23, 2010.

   ***Discussion***

   The Court takes judicial notice of the decision in Adams v. Carcy, Case No. 2:07-cv-01878-JAM-KJM-P, and of Plaintiff's three cases dismissed for failure to state a claim.[1] Plaintiff does not dispute that he had three prior cases dismissed for failure to state a claim. All three of these cases were dismissed before the present action was filed in 2007. Plaintiff is therefore subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis in this action unless he was, at the time the complaint was filed, under imminent danger of serious physical injury.

   Plaintiff does not assert that he was under imminent danger at the time he filed the present action. The Court has reviewed all of Plaintiff's allegations and claims in the complaint commencing this action on April 24, 2007, and finds that Plaintiff alleged no facts supporting a finding that he was, at that time, under imminent danger of serious physical injury. Therefore, the

---

[1] "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Bias v. Moynihan, 508 F.3d 1212, 1215 (9th Cir. 2007) (quoting Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Facts that may be judicially noticed include a court's own records in other cases. United States v. Wilson, 631 F.2d 118, 119-20 (9th Cir. 1980).

3

Court finds that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis. Accordingly, Defendants' motion to revoke Plaintiff's in forma pauperis status in this action should be granted, and Plaintiff should be required to pay the $350.00 filing fee in full.[2][3]

### III. MOTION FOR EXTENSION OF TIME

Defendants have requested an extension of time in which to file a response to Plaintiff's Fourth Amended Complaint, until thirty days after the date Plaintiff pays the $350.00 filing fee for this action. Defendants argue that the extension of time is in the interest of judicial economy, because they should not be required to respond to the Fourth Amended Complaint and commence discovery during the pendency of a motion that may dispose of the case. Good cause appearing, the extension of time should be granted.

### IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to revoke Plaintiff's in forma pauperis status be GRANTED;
2. Plaintiff's in forma pauperis status in this action be REVOKED;
3. Plaintiff be REQUIRED to pay the $350.00 filing fee in full for this action within thirty days; and
4. Defendants be GRANTED an extension of time in which to file a response to Plaintiff's Fourth Amended Complaint, until thirty days after the date Plaintiff pays the $350.00 filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings

///

///

---

[2] According to the Court's financial records, no payments have been received for the $350.00 filing fee due for this action.

[3] A declaration that Plaintiff is a three-strikes litigant is unnecessary.

4

1  and Recommendations."  The parties are advised that failure to file objections within the specified
2  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
3  Cir. 1991).

     IT IS SO ORDERED.

     **Dated:**   **April 22, 2011**                              /s/ **Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE